## Marion Dodson v. The State.

*No. 809.   Decided March 11th, 1896.*

**1.   Affidavit or Complaint—Credible Person.**

While it is required that an affidavit or complaint, as the basis for an information. must be made by a credible person, it is not required that it should allege that fact.

**2.   Complaint—Sufficiency.**

A complaint recited that affiant, "has reason to believe and does believe," and it was objected to as fatally defective, because it omitted the statutory word "good," before the word "reason." Held: The recital is a sufficient compliance with the statute, though the better practice would have been to follow the language of the statute.

**3.   Recall of a Witness Before Argument is Concluded.**

The statute [Code Crim. Proc., Art. 661] expressly authorizes the introduction of testimony at any time before the argument of the cause is concluded, whenever necessary to the ends of justice, and it is not error to recall a witness to give such testimony.

Appeal from the County Court of Greer. Tried below before Hon. W. D. Ballard, County Judge.

This appeal is from a conviction for unlawfully playing at a game

with cards in a house commonly resorted to for the purpose of gaming, the punishment being assessed at a fine of $10.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the gaming laws. Motion was made to quash the affidavit because it did not allege that the affiant was a credible person. While such affidavit must be made by a credible person, yet we are not aware of any decision wherein it has been held that such affidavit must allege that fact. If the affiant is not a competent witness, and the affidavit shows that fact, such affidavit should be quashed. If it fails to allege this, it can be shown as a fact, and in that event the affidavit would not be good. But it is not an essential element in the affidavit or information. The law simply requires that the complaint must rest upon the affidavit of a credible person, and, whether alleged or not, it could be inquired into on the trial. Nor is the point well taken that the complaint is fatally defective in not stating that the affiant has "good" reason to believe the facts alleged constitute the charged offense. It states "that he has reason to believe and does believe." We think this is a sufficient compliance with the statute in this respect. In Brown's case, 11 Tex. Crim. App., 451, affiant stated that "to the best of his knowledge and belief," the alleged offense was committed, and it was held sufficient. While it would be better to follow the language of the statute in such matters, yet it is not always essential that this be done. Our statutes provide that, even in alleging the offense, if that be done so as to be comprehended by parties of common understanding, and definitely enough to authorize a judgment thereunder, and that these matters would enable the accused to plead a prosecution had under such pleadings and proceedings in bar of a subsequent prosecution for the same offense, the indictment or pleadings will be sufficient. Objection was urged to the recall, by the State, of the witness, Pendergraft, after appellant had closed his evidence and his attorney was addressing the jury. This point was not well taken. He was recalled to prove the date of the offense, which seems to have been overlooked while taking the evidence in the case. This action of the court is authorized by the statute, for it provides that evidence, when necessary to the ends of public justice, may be admitted at any time before the argument has been concluded. Such practice has been in force in this State since we have had a Code of Criminal Procedure (Article 661). The judgment is affirmed.

*Affirmed.*