## O. W. THOMPSON v. STATE.

### No. 2170. Decided January 8, 1913.

**1.—Forgery—Indictment—Written Instrument—Statutes Construed.**

Under Article 924, Penal Code, it is not required to allege specifically that the forged instrument was in writing, it was, therefore, unnecessary to allege that the instrument was in writing.

**2.—Same—Indictment—Words and Phrases—Grammar.**

Grammatical errors will neither vitiate a law nor an indictment, and where the word "would" was left out, yet the whole count in the indictment showed that this was but a grammatical error, there was no reversible error. Following Murray v. State, 21 Texas Crim. App., 620, and other cases.

**3.—Same—Rule Stated—Indictment—Certainty—Statutes Construed.**

In construing indictments, the statute requires that the context and subject matter in which the words therein are employed shall be taken into consideration, and the certainty required is such as will enable the accused to plead the judgment in bar of another prosecution. Article 453, C. C. P.

**4.—Same—Ordinary Language Employed—Statutes Construed.**

An indictment which charges the commission of an offense in ordinary and concise language so as to enable a person of common understanding to know what is meant, and with that degree of certainty to give the defendant notice of the particular offense with which he is charged and enables the court to pronounce proper judgment is sufficient. Article 460 C. C. P.

**5.—Same—Form of Indictment—Statutes Construed.**

An indictment will not be held insufficient nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment which does not prejudice the rights of defendant. Article 476, C. C. P.

6.—Same—Surplusage—Indictment.

Unnecessary words in an indictment should be rejected as surplusage, and redundant words and allegations may be treated as mere surplusage. Following Mayo v. State, 7 Texas Crim. App., 342, and other cases.

7.—Same—Indictment—Case Stated—Deed—Statutes Construed.

Where the language objected to in the indictment must be regarded as surplusage, and the whole of the count in said indictment clearly charges an offense, the same is sufficient; and where defendant was charged with forgery of a land title under the statute,.Article 947, Penal Code, the indictment complied with this rule, there was no error.

Appeal from the District Court of Mitchell. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of forgery; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, and Royall G. Smith, for the State.—On question of indictment: Wade v. State, 22 Texas Crim. App., 256; 19 Cyc. 1404; Hawkinsv. State, 9 So. Rep., 652; People v. Rynders, 12 Wend., 425; State v. Fisher, 65 Mo., 437; Gibbons v. State, 36 Texas Crim. Rep., 469; Webb v. State, 39 id, 534; Howard v. State, 37 id, 494.

PRENDERGAST, Judge.—The appellant was convicted of forgery and his penalty fixed at six years in the penitentiary.

There is no statement of facts or bill of exceptions in the record. There is but one question raised which we can consider in the absence of a statement of facts, and that is the sufficiency of that count of the indictment under which appellant was convicted. There were two counts. Both were submitted under the charge of the court, but the jury acquitted the appellant under the first.

The statute is as follows: "Article 947. Every person who falsely makes, alters, forges or counterfeits, or causes or procures to be falsely made, altered, forged or counterfeited, or in any way aids, assists, advises or encourages the false making, altering, forging or counterfeiting of any certificate, field notes, returns, survey, map, plat, report, order, decree, record, patent, deed, power of attorney, transfer, assignment, release, conveyance or title paper, or acknowledgment, or proof of record, or certificate of record belonging or pertaining to any instrument or paper, or any seal, official or private stamp, scroll, mark, date, signature, or any paper, or any 'evidence of any right, title, or claim of any character, or any instrument in writing, document, paper or memorandum, or file of any character whatsoever, in relation to or affecting lands, or any interest in lands in this State, with the intent to make money or other valuable thing thereby, or with intent to set up a claim or title, or aid or assist any one else in setting up a claim or title, to lands or any interest in lands,

or to prosecute or defend a suit, or aid or assist any one else in prosecuting or defending a suit with respect to lands, or to cause a cloud upon the title, or in any way injure, obtain the advantage of, or prejudice the rights or interest of the true owners of lands, or with any fraudulent intent whatever, shall be deemed guilty of forgery, and be punished by imprisonment in the State penitentiary at hard labor not less than five nor more than twenty years.''

The count of the indictment, after the formal part, alleges that appellant on or about April 11, 1911, and anterior to the presentment of the indictment in said State and county, ''with the intent to injure and defraud and without lawful authority did assist, advise and encourage the false making and forging and affixing of a fictitious and pretended signature, by some person, whose name is to the grand jurors unknown, to a certain instrument, to-wit, a deed purporting to be the act of Isaac L. Ellwood, which said instrument then and there related to and affected an interest in lands in Texas, and which said instrument (he, the said person, whose name is to the grand jurors unknown, did then and there falsely make and forge in such a manner as that such deed so made, if the same were true, have affected the title and interest to lands in the State of Texas and the County of Mitchell, therein, which said false deed), purports to be an instrument entitling one A. C. Morrison, as grantee, to the land conveyed therein, being certain lands situated in the State of Texas, and in the County of Mitchell therein, and is of the tenor following, that is to say:'' Then follows a literal copy of the forged deed together with the certificate of acknowledgment thereto, the file mark thereon of the county clerk, filing it for record in Mitchell County and the certificate of the clerk of said county of its record. The indictment then concludes as follows: ''Whereas, in truth and in fact, the said signature was then and there fictitious, and was not made by the said Isaac L. Ellwood, as he, the said O. W. Thompson, then and there well knew, against the peace and dignity of the State.''

There was no motion in the court below to quash the indictment, nor to arrest the judgment, but in his motion for a new trial appellant urges that the indictment is fatally defective in that (1) it does not charge that the forged instrument was in writing; and (2) that it does not charge that said instrument, ''would, if the same had been true, affected the title to said land,'' etc.

As to the first point the statute does not require specifically that the forged instrument shall be in writing as Article 924 Penal Code does; so that it is unnecessary to discuss the first objection above stated.

As to the second objection, while it, perhaps, would have been better for the indictment to have used the word ''would'' in the connection appellant claims it should have been used, yet, to take the whole count in the indictment, at most it is but ungrammatical. It is the settled law of this State that grammatical errors will neither

vitiate a law nor an indictment. Murray v. State, 21 Texas Crim. App., 620; Rigby v. State, 27 Texas Crim. App., 55. Nor will it vitiate a verdict. Roberts v. State, 33 Texas Crim. Rep., 83, and other cases cited in section 907 of White's C. C. P. In construing indictments the statute requires that the context and subject matter in which the words therein are employed, shall be taken into consideration. Also that the certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. C. C. P., Art. 453. And that the indictment which charges the commission of an offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant and that degree of certainty that will give the defendant notice of the particular offense with which he is charged and enable the court, on conviction, to pronounce the proper judgment shall be deemed sufficient. C. C. P. Article 460. And that an indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant. C. C. P. Article 476. Applying these statutes and taking into consideration the context and subject matter of the allegations in this indictment, the said count is sufficient against the said objection made thereto by appellant.

Again, it is elementary in this State that unnecessary words in an indictment may and should be rejected as surplusage, and that redundant allegations and allegations which are in no manner necessary to a description of an offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage and may be entirely disregarded as part of the indictment. Mayo v. State, 7 Texas Crim. App., 342; Gordon v. State, 2 Texas Crim. App., 154; Burke v. State, 5 Texas Crim. App., 74; Hampton v. State, 5 Texas Crim. App., 463; Smith v. State, 7 Texas Crim. App., 382; Rivers v. State, 10 Texas Crim. App., 177; Gibson v. State, 17 Texas Crim. App., 574; Holden v. State, 18 Texas Crim. App., 91; Moore v. State, 20 Texas Crim. App., 275; McConnell v. State, 22 Texas Crim. App., 354; Osborne v. State, 24 Texas Crim. App., 398; Cudd v. State, 28 Texas Crim. App., 124; Watson v. State, 28 Texas Crim. App., 34; McLaurin v. State, 28 Texas Crim. App., 530; Finney v. State, 29 Texas Crim. App., 184; Hammons v. State, 29 Texas Crim. App., 445; Taylor v. State, 29 Texas Crim. App., 466; Waters v. State, 30 Texas Crim. App., 284; McDaniel v. State, 32 Texas Crim. Rep., 16; Loggins v. State, 32 Texas Crim. Rep., 358; Lassiter v. State, 35 Texas Crim. Rep., 540; Williams v. State, 35 Texas Crim. Rep., 391; Webb v. State, 36 Texas Crim. Rep., 41; Matthews v. State, 39 Texas Crim. Rep., 553; Jordan v. State, 37 Texas Crim. Rep., 222.

In quoting the charging part of said count in the indictment herein the words therein which are inclosed in parenthesis by us in copying the same comes within these rules and should be regarded as surplusage in this indictment and leaving out such words, the others in the count clearly charge the offense under said statute under which appellant is prosecuted herein, correctly and properly. It is unnecessary to cite other authorities.

There are no other questions sought to be raised which we can consider in the absence of a statement of facts. The judgment will, therefore, be affirmed.

*Affirmed.*