## J. W. DRYSDALE v. THE STATE.

### No. 2429. Decided April 30, 1913.

**1.—Assault to Commit Robbery—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to commit robbery, the evidence sustained the conviction, there was no error.

**2.—Same—Principal—Charge of Court—Accomplice.**

Where, upon trial of assault with intent to commit robbery, the evidence showed that the defendant was present and assisted in the commission of the offense, there was no error in the court's failure to instruct the jury to acquit the defendant on the ground that he was an accomplice. Article 74, Revised Penal Code.

**3.—Same—Charge of Court—Ardent Spirits—Temporary Insanity.**

Under article 41, Revised Penal Code, the recent use of ardent spirits is no defense to crime, and where the jury found the defendant guilty, assessing the lowest penalty prescribed by law for the offense with which defendant was charged, there was no error in the court's failure to submit a charge on temporary insanity produced by the voluntary recent use of ardent spirits.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of assault with intent to commit robbery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted in the District Court of Bexar County under an indictment charging him with assault with intent to commit robbery, and his punishment assessed at confinement in the penitentiary for the term of two years.

Vol. 70 Crim.-18.

The evidence on the part of the State shows that at about 1 a. m. on the 22d of November, 1912, prosecuting witness, Rafael Davila, in San Antonio, started home when two parties stopped him; the little one (defendant) told him that the other was a sheriff, and the other party, Edwards, told Davila that he was sheriff and was looking for him, and Edwards then hit prosecuting witness with the pistol; defendant went through his pockets. Prosecuting witness says he told them to take his money but not kill him. Two policemen, Zapata and Cardenas, saw these three parties and went up to them and heard Davila say, "Take my money but don't kill me," and saw the defendant with his hands in prosecuting witness Davila's pocket, and the codefendant, Edwards, with a gun drawn on the said Davila.

The defendant's testimony tended to show that he thought Edwards was a detective; that he had a star-shaped badge, and told defendant he was working for the government. That on the night in question he took Edwards to the show and that they drank a good deal of intoxicating liquors during acts and after the show, and that he did not know what he was doing he was so drunk; that he thought he was helping Edwards to arrest the prosecuting witness.

There are no bills of exception in the record, and the only matters presented for review are contained in the motion for new trial.

The first complaint is that the verdict of the jury is contrary to the law and the evidence. There is no merit in this contention. The evidence is amply sufficient, and shows that the defendant is guilty as charged in the indictment.

The second complaint is that the court erred in failing to instruct the jury to acquit defendant because the indictment charges him as principal and the proof shows that he was not a principal but an accomplice. There is no merit in this contention. Article 74, Revised Penal Code, defines principals as follows: "All persons are principals who are guilty of acting together in the commission of an offense." The evidence in this case shows that the defendant was present and assisted in the commission of the offense. Therefore, he was a principal, and this complaint of appellant is without merit.

The third complaint is that the court erred in failing to charge on the recent use of ardent spirits. Article 41, Revised Penal Code, provides that temporary insanity produced by the voluntary recent use of ardent spirits shall not constitute an excuse for the commission of a crime, but evidence of temporary insanity produced by such use of ardent spirits may be introduced in evidence by defendant in mitigation of the penalty, and it shall be the duty of the judge in such a case to instruct the jury in accordance with said provisions. It may be that the evidence raised the issue that he was temporarily insane and the court should have charged the jury the law as to the recent use of intoxicating liquors, yet in this case since appellant got the lowest penalty prescribed by law for the offense with which he was charged, no injury could have resulted to him, from the failure of the court to so

charge the jury. It is no defense to crime, and the jury could not have done other than as they did do, if he had so charged them.

The. judgment is affirmed. ·

*Affirmed.*