ALFREDO FIGUEROA' v. THE STATE.

No. 2518. Decided October 8, 1913.

**1.—Selling Liquor Without License—Information—Surplusage.**

Although the information contained unnecessary allegations, the same, in the absence of a motion to quash, was sufficient, and the matter could be treated as surplusage.

**2.—Same—Motion in Arrest of Judgment—Defect of Form.**

Defects of form in an information can not be reached by a motion in arrest of judgment.

**3.—Same—Misspelling—Words and Phrases.**

Where the word, "capable," objected to was misspelled in the information, but correctly spelled in the complaint, there was no error in overruling a motion in arrest of judgment.

**4.—Same—Verdict—General Verdict—Information.**

Where the verdict found defendant guilty as charged, and there was but one count in the information, there was no error; and this even if there had been more counts; the verdict being general.

**5.—Same—Complaint—Information—Disjunctive—Conjunctive.**

The complaint and information alleged that defendant sold malt liquor or beer, and was not defective because it did not use the conjunctive, as the terms are synonymous. Following O'Neal v. State, 51 Texas Crim. Rep., 100, and other cases.

**6.—Same—Evidence—Prior Difficulty—Animus of Witness.**

Where the court had permitted the defendant to prove that there had been a difficulty between him and the witness, but refused to let the details be shown, there was no error. Following Pope v. State, 65 Texas Crim. Rep., 51; 143 S. W. Rep., 611, and other cases.

**7.—Same—Argument of Counsel.**

In the absence of a bill of exception and a requested charge instructing the jury to disregard the argument of State's counsel, the same can not be considered on appeal. Following Clayton v. State, 67 Texas Crim. Rep., 311.

**8.—Same—Requested Charges.**

Where the requested charge defining occupation or business was incorrect, there was no error in refusing same; besides, neither of these words were used in the statute on which the prosecution was had. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**9.—Same—Beer—Intoxicant—Judicial Knowledge.**

It is judicially known that beer is intoxicating; besides, the evidence showed that defendant dealt in intoxicating liquors, and the charge required the jury to so believe before they could convict, and there was no error. Following Moreno v. State, 64 Texas Crim. Rep., 660.

**10.—Same—Levy of County Tax.**

In a prosecution for selling intoxicating liquors without license it was not necessary for the State to prove any county levy of taxes, under article 612, Penal Code.

**11.—Same—Charge of Court—Retail Liquor Dealer.**

In a trial for selling liquors by retail without license, there was no error in the court's charge in submitting articles 611 and 612, Penal Code. Following Reynolds v. State, 58 Texas Crim. Rep., 273, and other cases.

Appeal from the County Court of Jim Wells. Tried below before the Hon. W. R. Perkins.

Appeal from a conviction of selling malt liquor without license; penalty, a fine of $300 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was prosecuted and convicted under article 612, Penal Code, for selling malt liquor, beer, without a license as such dealer.

The complaint and information sufficiently charge the offense. No motion was made to quash them. There are unnecessary allegations therein, but such should be regarded, and are surplusage. Thompson v. State, 152 S. W. Rep., 893; Goodwin v. State, 70 Texas Crim. Rep., 274, and cases cited.

There was a motion to arrest the judgment, but the grounds thereof were for defects of form. Under the statutes such motions are granted only for substantial defects. (P. C., arts. 849, 850, 476, 480.) One ground is that in the information the word "capable" in this portion of a sentence, "capable of producing intoxication," was misspelled, "capapble." This word was correctly spelled in said sentence in the complaint, and by express averment the information alleges it is preferred "in connection with the affidavit (complaint)." In no event should the judgment have been arrested on said ground. (Bailey v. State, 63 Texas Crim. Rep., 584; Qualls v. State, 158 S. W. Rep., 538.)

The verdict, "We, the jury, find the defendant guilty as charged, and assess his fine at $300 and thirty days in jail," is clearly sufficient. It is general as required by the statute (C. C. P., art. 770). There is but one count in the complaint and information. Even if there had been two or more, the general verdict could, and should, be applied to the good one sustained by the evidence. (Wh. Ann. C. C. P., sec. 902, and cases cited.) That the complaint and information alleged appellant sold "malt liquor *or* beer," is not defective because *and* was not used instead of *or*. "Malt liquor" and "beer," under the statute, are, in effect synonymous. (Johnson v. State, 66 S. W. Rep., 552; O'Neal v. State, 51 Texas Crim. Rep., 100; Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep., 434; C. C. P., art. 473.)

Appellant complains, by bill, in effect, that the court would not let him go into the details of a thorough whipping by appellant of one of the State's witnesses, to show said witness' malice, ill-will, etc., against him. While it is always permissible to show such state of feeling of any witness (Pope v. State, 65 Texas Crim. Rep., 51, 143 S. W. Rep., 611; Earles v. State, 64 Texas Crim. Rep., 537, 142 S. W. Rep., 1181); yet the details and particulars can not be shown. The court, in allowing the bill, stated he permitted the defendant to prove there had been a difficulty between them, but refused to let the details be shown.

Certain short remarks of the county attorney in argument were objected to. But the bills do not show the state of facts under which they were made. Nor were any charges asked instructing the jury to disregard them. Even in felony, much less in misdemeanor, cases, this would not present reversible error. (Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119, and cases therein cited.)

The court did not err in refusing appellant's special charge defining "occupation" or "business," as given therein. Neither of these words are used in the statute under which this prosecution was had. Even if it had been necessary to define either or both, the charge asked was incorrect, and not in accordance with the statute and decisions. Fitch

v. State, 58 Texas Crim. Rep., 366; Clark v. State, 61 Texas Crim. Rep., 597; Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 282, and cases cited.

This court knows judicially that beer is intoxicating. (Moreno v. State, 143 S. W. Rep., 156.) In addition, the pleadings alleged the beer, or malt liquor, appellant is shown to have sold and dealt in, was intoxicating, and the court, by the charge, required the jury to so believe before they could convict. The uncontradicted evidence shows several sales of beer to different persons about the time alleged; that at the time he made some of these sales he had bottled beer in a barrel with ice around them, and at other sales he had the bottled beer in a tub on ice. That he had this beer at his meat market when he made these sales. And that he had paid no tax as a retail malt liquor dealer, and had no license therefor. (Mansfield v. State, 17 Texas Crim. App., 468; Wade v. State, 22 Texas Crim. App., 629; and see also the cases cited last above, and many other decisions to the same effect.) Therefore, the court did not err in refusing appellant's special charges on these subjects, nor in the charges given, for taking the charges given together, they correctly presented all the questions proper to be charged.

It was not necessary for the State to prove any county levy of taxes under this law. (Art. 612, P. C.)

In stating the case to the jury the court, in the charge, gave in substance article 611, Penal Code. This was proper because the payment of the tax and getting a license as a retail liquor dealer expressly included the tax and license as a malt liquor dealer. Besides, in submitting the case for a finding, the court only submitted it under article 612, Penal Code. Reynolds v. State, 58 Texas Crim. Rep., 273; Matthews v. State, this day decided and cases there cited.

There is no reversible error shown and the case will be affirmed.

*Affirmed.*