GRADY ASHLEY V. STATE.

No. 25085. January 3, 1951.
Rehearing Denied March 21, 1951.

*Burks & McNeil,* by Burton S. Burks, Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is the driving, while intoxicated, of an automobile upon a public highway; the punishment, a fine of $50.

The disputed issue of fact was whether appellant was intoxicated at the time he was driving the automobile.

Two highway patrolmen, after detailing the acts and conduct of the appellant, testified that in their opinion appellant was intoxicated. Such testimony was sufficient to warrant the jury's conclusion of guilt.

The witness Benson, who was in the automobile with appellant at the time he, according to the testimony of the state's witnesses, was intoxicated, testified that appellant was not intoxicated at that time. His testimony was material, and supported the testimony of the appellant. Upon cross-examination, the witness Benson was asked by state's counsel the following question:

"As a matter of fact, for the past three hours, you had been having rooster fights, hadn't you?"

Appellant's objection to the question was sustained, and the judge orally instructed the jury not to consider it. Appellant contends that reversible error is nevertheless reflected because, by such interrogation, state's counsel had gotten before the jury the idea that appellant and the witness had been engaged in chicken fighting.

In the light of the facts and the punishment assessed, we are unable to say that appellant was prejudiced by the asking of the question.

The information recites that it is presented upon "the written affidavit of F. R. Land, a competent and creditable person, herewith filed. . . ."

Appellant moved to quash the information and also objected to the reading to the jury of that part of the information above quoted as being a hearsay declaration on the part of the county attorney attesting that F. R. Land was a "competent and creditable" person.

The information was not evidence; it was only the pleading of the prosecuting attorney charging the appellant with a violation of the law. An information is required to be founded upon the affidavit of a creditable person. Art. 415, C.C.P. The prosecuting attorney in using the expression in the instant information was but giving effect to the statute mentioned. Appellant's contention is without merit.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant earnestly urges that the trial court erred in overruling his exceptions to the information. He argues with much force that the allegation to the effect that the information was presented on "the written affidavit of F. R. Land, a competent and creditable person" was prejudicial, and amounted to hearsay; amounted to a certification by the county attorney that the named affiant whose credibility was not questioned was a competent and credible person.

Art. 415, C.C.P. provides in part "No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense."

A "credible person" is defined to be a person who is competent to testify, and who is worthy of belief.

A valid complaint is requisite to a valid information. See Thornberry v. State, 3 Tex. App. 36; Stubblefield v. State, 94 Tex. Cr. R. 444, 252 S.W. 563.

It is not, however, required that the complaint be referred to in the information. See Johnson v. State, 17 Tex. App. 230.

Appellant cites the case of Dodson v. State, 35 Tex. Cr. R. 571, 34 S.W. 754, as decisive of the question raised. In the cited case it was sought to quash the complaint because it did not allege that the affiant was a credible person. In overruling the contention this court said:

"While such affidavit must be made by a credible person, yet we are not aware of any decision wherein it has been held that such affidavit must allege that fact. If the affiant is not a competent witness, and the affidavit shows that fact, such affidavit should be quashed. If it fails to allege this, it can be shown as a fact, and in that event the affidavit would not be good. But it is not an essential element in the affidavit or information. The law simply requires that the complaint must rest upon the affidavit of a credible person, and whether alleged or not, it could be inquired into on the trial."

Unnecessary words in an indictment or information may be rejected as surplusage. See Thompson v. State, 69 Tex. Cr. R. 31, 152 S.W. 893.

And the pleading is not subject to a motion to quash because

of surplusage therein. See Figueroa v. State, 71 Tex. Cr. R. 371, 159 S.W. 1188.

We agree with the contention that the complained-of language was unnecessary. It may, however, be rejected as surplusage, unless the substantial rights of appellant were prejudiced by its inclusion.

Appellant says that prejudice resulted from the reading of the information including the objectionable statement to the jury by the county attorney, which reading is required under the terms of Art. 642 (1), C.C.P.

It is not shown that the court was requested to give any instruction to the jury regarding their consideration of the information or any part thereof as evidence against appellant.

It is shown that F. R. Land was well known to the jurors. That he was in fact a credible person was not questioned, and this fact seems to have been known to the jury before the information was read. Further, the law requires that the affidavit of a credible person be filed, and all, including the jurors, are presumed to know the law.

Any injury to appellant could have effectively been removed by an instruction to the jury that the information was not to be considered as evidence against appellant.

Appellant also insists that reversible error is shown in the refusal of his requested charge in writing telling the jury to disregard the question propounded to the witness Benson quoted in our original opinion.

Our attention is directed to the case of Pecht v. State, 80 Tex. Cr. R. 452, 192 S.W. 243, and it is insisted that such opinion supports appellant's contention here and should be overruled if this case is not reversed.

Art. 663, C.C.P., provides that a verbal charge shall be given only in a misdemeanor case and then only by consent of the parties.

In Pecht v. State, supra, after noting that said article had been held to be mandatory, this court held that an oral instruction to the jury to disregard and not consider an improper argument violated the statute which is now Art. 663, C.C.P.

It is observed that the sufficiency of the oral instruction in the Pecht case was questioned, the opinion containing the statement "The jury was only partially instructed as to the law regarding the illegal arguments," while appellant here says that the instruction requested to be given in writing in connection with the charge was given orally, and his complaint is confined to the failure of the court to give the instruction in writing.

Aside from such apparent distinction, we are inclined to the view that Art. 663, C.C.P., has no application to instructions to the jury to disregard improper questions propounded to witnesses or improper remarks of counsel.

The "charge" referred to in the statute is the charge wherein the jury is instructed as to the law applicable to the offense for which the accused is on trial and the application of such law to the facts. It, of course, includes special charges on such subject given upon request as well as the main charge.

Insofar as such holding may be in conflict with the decision in Pecht v. State, supra, such prior decision is overruled.

Believing that our original opinion properly disposed of the appeal, appellant's motion for rehearing is overruled.

Opinion approved by the court.