EX PARTE IRWIN HORACE NAPIER.

No. 25682. January 9, 1952.
Appellant's Motion for Rehearing Denied March 5, 1952.

Hon. C. K. Quin, Judge Presiding.

M. C. Gonzales, John Lee Hensley and Leo A. Oliver, Corpus Christi, for relator.

Austin F. Anderson, Criminal District Attorney, Richard J. Woods, Assistant Criminal District Attorney, San Antonio, and George P. Blackburn, State's Attorney, Austin, for the state.

## ON APPELLANT'S MOTION FOR REHEARING

GRAVES, Presiding Judge.

The former opinion is withdrawn and the following is substituted in lieu thereof:

Appellant here, relator in the court below, was convicted in the corporation court of the city of San Antonio upon a complaint charging that on or about the 11th day of July, 1951, he unlawfully operated and drove an automobile on a public street of said city at a speed greater than thirty miles per hour. Upon conviction in the corporation court, appeal was perfected to the County Court at Law No. 2 of Bexar County, where appellant was again convicted and his punishment assessed at a fine of $100. Appellant was arrested upon a capias pro fine under said judgment and remanded to jail in default of payment of the fine assessed.

From such arrest and custody, appellant sought his discharge by writ of habeas corpus before the Honorable C. K. Quin, Judge of the 57th Judicial District Court of Bexar County, Texas, who, after hearing, denied the relief prayed for and remanded appellant to the custody of the arresting officer.

From such order, notice of appeal was given to this court.

Appellant contended before Judge Quin, and here contends, that the judgment of conviction was void because it was based upon an insufficient complaint in that the affiant thereto was not a credible person within the meaning of Article 415 C. C. P.

The case is now pending upon appellant's motion for rehearing.

The complaint, upon its face, is valid and subject to no defect or objection. The claimed defect was therefore latent, and required the introduction of proof to establish the same.

The record before us shows that appellant, upon the trial of the case in the county court, made the charge against the complaint that he now insists upon. This was overruled by the trial court.

It is apparent, therefore, that appellant seeks to here use the writ of habeas corpus as a substitute for an appeal when no

appeal is authorized by law from the judgment of conviction. This cannot be done.

The judgment remanding appellant is affirmed.