**Wayne Virgil WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46534.**

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Marc H. Richman, Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted of operating a motor vehicle on a public highway while intoxicated; the punishment, a fine of $500 and confinement in the county jail for 30 days.

The sufficiency of the evidence is not questioned and need not be recited here.

■ The first ground of error urged by appellant is that the complaint on which the information was based was defective because it failed to recite that the affiant was a credible person.

Art. 21.22, Vernon's Ann.C.C.P., provides that:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense . . . ."

This court has held that it is not necessary that the complaint allege that affiant is a credible person. Dodson v. State, 35 Tex.Cr.R. 571, 34 S.W. 754; Ashley v. State, 155 Tex.Cr.R. 534, 237 S.W.2d 311.

In *Ashley,* quoting from *Dodson,* the Court said:

"While such affidavit must be made by a credible person, yet we are not aware of any decision wherein it has been held that such affidavit must allege that fact . . . . The law simply requires that the complaint must rest upon the affidavit of a credible person, and, whether alleged or not, it could be inquired into on the trial."

In Ex parte Napier, 157 Tex.Cr.R. 73, 246 S.W.2d 878, it was held that if contention is made that a complaint is invalid because the affiant was not a credible person, this is a latent defect and required the introduction of proof to establish the same. No attack on the complaint was made herein in the trial court, and no such proof was made or tendered.

We overrule the first ground of error.

Next, appellant contends that the State failed to lay the proper predicate for the admissibility of an interpretation of the results of a breath test of appellant.

■ No objection on his ground was made in the trial court, and if there was error, it was waived. Rawlinson v. State, Tex.Cr.App., 487 S.W.2d 341; Larocca v. State, Tex.Cr.App., 479 S.W.2d 669; Jackson v. State, Tex.Cr.App., 477 S.W.2d 879.

■ Although it was not necessary to do so, we have reviewed the entire testimony of Officer Ira D. Scott, who administered the breathalyzer test to appellant, and find that the proper predicate was established for his testimony as to the results of the

test, as set forth in Hill v. State, Tex.Cr.R., 256 S.W.2d 93, and French v. State, Tex. Cr.App., 484 S.W.2d 716. He was a graduate of Michigan State University in science, had successfully completed a chemical breathalyzer course at the Department of Public Safety at Austin, and the breath test supervisor training course at Indiana University, and was duly certified both as an operator and supervisor of the instruments used for conducting tests of breath of alcoholic content. He fully detailed the process used and the results obtained, all without objection.

We overrule this ground of error.

We find no reversible error, and affirm the judgment.

Opinion approved by the Court.