IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-214-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





JOHN GREENWOOD,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY



NO. 32,202, HONORABLE CLAUDE B. LILLY, JUDGE 



 





 This is an appeal by the State from orders dismissing an information. See Tex.
Code Cr. P. Ann. art. 44.01(a)(1) (Supp. 1991). The complaint and information charged John
Greenwood with the misdemeanor offense of evading arrest. See Tex. Pen. Code Ann. § 38.04
(Supp. 1991). Appellee Greenwood filed two motions to dismiss the information. The first
motion alleged that the information was void because it was based upon a complaint "which does
not adequately allege the authority to so act of the person before whom the complaint was sworn
and subscribed." The second motion alleged the information was void because it failed to name
a complaining witness, and also failed to allege the name of the competent and credible person
who signed and swore to the complaint upon which the information was based. On September 10,
1990, the trial court, apparently after a hearing, granted both motions to dismiss. The order on
the first motion dismissed the information "with prejudice." The order on the second motion dismissed the cause "with prejudice to refile same" and discharged the appellee. 
The State gave notice of appeal. The State advances four points of error. In points of error two
and three, the State contends that the trial court erred in granting appellee's motions to dismiss
the information because there is no need to name a complaining witness as urged by appellee, and
that the instant complaint's jurat was sufficient to meet the requirements of the law. The fourth
point of error is that dismissal of the case "is the improper remedy when the motion to quash is
granted." The State, as the appellant, also contends in its first point of error that the trial court's
action in dismissing the complaint and information was erroneous "because the record is silent as
to whether the substantial rights of the defendant were prejudiced." We shall consider the points
of error in the order stated above.



(a) A person commits an offense if he intentionally flees from a person he
knows is a peace officer attempting to arrest him or detain him for the
purpose of questioning or investigating possible criminal activity.


(b) It is an exception to the application of this section that the attempted arrest
is unlawful.



Tex. Pen. Code Ann. § 38.04(a) & (b) (Supp. 1991).

 The essential elements of evading arrest (where the peace officer is attempting to
arrest the defendant as opposed to detaining the defendant) are: (1)  a person

(2) intentionally flees (3) from a peace officer (4) with knowledge he is a peace officer (5) peace
officer is attempting to arrest the defendant and (6) the attempted arrest is lawful. Alejos v. State,
555 S.W.2d 444, 448 (Tex. Crim. App. 1977) (op. on reh'g); see also Johnson v. State, 634
S.W.2d 695 (Tex. Crim. App. 1982); Rodriguez v. State, 578 S.W.2d 419 (Tex. Crim. App.
1979).

 If the essential elements of evading arrest including the name of the police officer
are alleged in the information, there need be no allegation of a complaining witness or "victim"
as such. Cf. Moallen v. State, 690 S.W.2d 244, 246 (Tex. Crim. App. 1985). Any reliance upon
Lewis v. State, 544 S.W.2d 430 (Tex. Crim. App. 1926) for the proposition that the name of the
complaining witness is a necessary requisite to a valid indictment or information in every case is
misplaced. See Moallen, 690 S.W.2d at 245-46; Pierce v. State, No. 3-90-213-CR (Tex. App. --
Austin 1991), this day decided.

 The instant information alleged in pertinent part that appellee:



did then and there knowingly and intentionally flee from Officer Misiaszek, a
person that the said John Greenwood knew and had been informed that said Officer
Misiaszek was a peace officer attempting to lawfully arrest the said John
Greenwood.



 The information did not allege the first or given name of the officer and was
somewhat awkwardly drawn, but it is not void for failure to allege the name of a complaining
witness in the body thereof.

 Appellee also alleged in his second motion to dismiss that the information was
defective because it failed to allege therein the name of the person who signed and swore to the
complaint. Ashley v. State, 237 S.W.2d 311, 313 (Tex. Crim. App. 1951), has been decided
adversely to this contention. It is not required that the complaint be referred to in the information. 
The trial court erred in granting the second motion to dismiss. (1)
 The State's second point of error
is sustained.

 In the third point of error, the State claims the trial court erred in granting the first
motion to dismiss because the jurat on the complaint was sufficient. It was appellee's claim that
the jurat was insufficient to show the authority or official character of the officer or person before
whom the complaint was subscribed and sworn. The jurat on the complaint was subscribed and
sworn to before "William R. Henry, Attorney for the State, Hays County, Texas." The jurat in
the instant case is the same as the one in Pierce, No. 3-90-213-CR, except for the name of the
person before whom the complaint was sworn. For the reasons set forth in Pierce, the trial court
properly granted the first motion to dismiss the information. The State's third point of error is
overruled.

 In the fourth point of error, the State argues that the "dismissal of the case is the
improper remedy when a motion to quash is granted." The order dismissing "the cause" with
prejudice to refile the same relates only to the second motion to dismiss which we have found that
the trial court erred in granting. The fourth point of error is now moot. We do note that the
order granting the first motion dismisses the information (as opposed to cause), but does so "with
prejudice." A trial court may not go beyond an order dismissing or quashing a criminal charging
instrument and instruct the prosecutor not to further proceed with future charges arising from the
same offense. State ex rel Holmes v. Denson, 671 S.W.2d 896, 900 (Tex. Crim. App. 1984). 
The trial court erred in including the phrase "with prejudice" in its first order. See Tex. Code Cr.
P. Ann. art. 28.04 (1989).

 In its first point of error, the State urges that the trial court erred in granting the
motion to dismiss the information "because the record is silent as to whether the substantial rights
of the defendant were prejudiced." The order entered by the trial court reflected that the motion
was "heard." The burden is on the party seeking review to see that a sufficient record is presented
to show error requiring reversal. See Tex. R. App. P. Ann. 50(d) (Pamph. 1991). In the instant
case, the burden was on the State. If there was a statement of facts prepared, it is not in the
record. See Tex. R. App. P. Ann. 53(a) (Pamph. 1991). For this, and other reasons set forth
in Pierce dealing with the same contention, the point of error is overruled.

 The order granting the second motion to dismiss the information is reversed and
set aside. The order granting the first motion to dismiss the information is reformed to delete the
phrase "with prejudice." As reformed, it is affirmed. The State is free, if it desires, to so file
a new complaint and information "within the time allowed by law." See Tex. Code Cr. P. Ann.
art. 28.04 (1989).


 

 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*]

Reversed in Part; Reformed and, as Reformed, Affirmed in Part

Filed: September 25, 1991

[Do Not Publish]



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003 (1988).
1. [1]  Whenever the trial court sustains a motion, it is presumed, unless otherwise shown, that
it has acted on the grounds asserted by the movant. Wilson v. State, 792 S.W.2d 477, 481
(Tex. App. 1990, no pet.)