W. II. Bradberry v. State.

No. 2096.   Decided December 18, 1912.

**1.—Pulling Down Fence—Complaint—Date of Offense—Date of Filing—Jurat.**

Where, upon trial of pulling down the fence of another, the file marks upon the complaint and the information showed that they were filed on the same date, and the jurat to the complaint did not show at what time the complaint was sworn to, whether before or after the filing of the information, and it did not affirmatively appear from the record that the complaint was sworn to before the information was filed, the judgment must be reversed and the cause remanded, upon motion to quash.   Prendergast, judge, dissenting.

**2.—Same—Statement of Facts.**

When the statement of facts was not filed within time, the same cannot be considered on appeal.

Appeal from the County Court of Nolan.   Tried before the Hon. Jno. J. Ford.

Appeal from a conviction of unlawfully pulling and breaking down and injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of pulling down the fence of another.

The validity and sufficiency of the complaint is questioned.   It recites that "heretofore, to wit: on or about the 20th day of December, 1910," etc., and is signed by E. W. Withers.   The jurat is as follows: "Sworn to and subscribed by E. W. Withers, a credible person, before me, on this day of December, A. D. 1910.   Geo. T. Wilson, County Attorney."   It was filed on December 22, 1910.   The information purporting to be based upon this complaint was also filed on the 22nd day of December, 1910.   The statute requires that before an information can be filed a complaint properly sworn to must also be made and filed, and the information is not justified and cannot be filed legally until after making the complaint.   The file marks upon the two documents show they were filed on the same date, to wit: 22nd day of December, 1910, but the jurat does not show at what time the complaint was sworn to, whether before or after the filing of the information.   As we understand the law it must affirmatively appear that the complaint was sworn to before the information was filed.   These pleadings do not show this to have been the fact.   So far as the matter presented is concerned, this complaint may have been sworn to after filing the information.   It does not carry with it that certainty with reference to this question that is

required by law, therefore, we hold that the judgment should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

HARPER, JUDGE.—I concur in the opinion reversing and remanding this cause, the complaint not showing when it was sworn to. Appellant called attention to this defect by motion before the trial of the case, and it was subject to amendment, and if it was possible for the county attorney under the facts to have so amended it, he should have done so, and failing to so do we cannot presume as to the date when it was sworn to. This being an error that could have been cured by amendment, had the objection been raised after judgment it would have come too late; but appellant before trial called attention to the defect, and it should have been cured, if the real facts would justify the county attorney in so amending it.

PRENDERGAST, JUDGE (dissenting)—Appellant was charged under article 1240, Penal Code, with the offense that he did unlawfully break, pull down and injure the fence of another. He was found guilty and fined $10,—the lowest penalty.

The term of court at which he was tried convened on January 9, 1911, and adjourned on the 28th day of that month. By proper order appellant was given twenty days after adjournment to file a statement of facts and bills of exception. There is in the record what purports to be a statement of facts. When it was filed in the lower court does not appear, but it is shown that it was not approved by the Judge, nor ordered filed until February 27, 1911, more than twenty days after adjournment. It therefore, of course, could not have been filed prior to the time that it was made out and approved. The Assistant Attorney-General objects to the consideration of this as a statement of facts. His objection is well taken and the same can not be considered.

There is but one question raised by the record which can be considered by this court on this appeal. It is the sufficiency of the affidavit upon which the information was based. In order that the question may be fully stated and discussed I herewith give a full and complete copy of the affidavit, the information and the motion to quash:

### "AFFIDAVIT.

"In the name and by the authority of the State of Texas:

"I, E. W. Withers, do solemnly swear that heretofore, to wit: on or about the 20th day of December, A. D. 1910, in the County of Nolan and State of Texas, W. H. Bradberry did unlawfully break, pull down and injure the fence of E. W. Withers, without the consent of him the said E. W. Withers, against the peace and dignity of the State.

"E. W. Withers."

"Sworn to and subscribed by E. W. Withers, a credible person, before me, on this the ——— day of December, A. D. 1910.

Geo. T. Wilson,
County Attorney, Nolan County, Texas.
Filed 22 day of Dec., 1910.
Simon O'Keefe, Clerk County Court, Nolan County."

## "INFORMATION.

"In the name and by the authority of the State of Texas:

"Geo. T. Wilson, County Attorney of the County of Nolan, State aforesaid, in behalf of said State, presents in the County Court of said County, at the January Term, A. D. 1911, of said Court, that W. H. Bradberry on or about the 20th day of December, A. D. One Thousand Nine Hundred and Ten, and before the filing of this information, in the County of Nolan and State of Texas, did then and there unlawfully break, pull down and injure the fence of E. W. Withers without the consent of him, the said E. W. Withers, against the peace and dignity of the State.            Geo. T. Wilson,
County Attorney of Nolan County, said State.

"Filed on the 22nd day of December, A. D. 1910.

Simon O'Keefe,
County Clerk, Nolan County, Texas."

## "DEFENDANT'S MOTION TO QUASH.

(I omit only style and number of the cause and the signature of the appellant's attorneys.)

"Now comes the defendant herein and shows to the court that the affidavit filed herein is insufficient in that same fails to show whether same was sworn to by complainant before or after the commission of the offense and fails to show whether same was sworn to before or after the filing of the information and fails to show when same was made.

"Wherefore, he says same is insufficient and prays that said affidavit be quashed and held for naught."

The court overruled this motion.

It will thus be seen that the sole question raised and to be decided is, first, appellant's contention that the affidavit fails to show whether it was sworn to by complainant *before or after* the commission of the offense. I will first discuss that question. In order to hold that said affidavit does not show that it was not sworn to *before* the commission of the offense charged, it would be necessary to hold the very reverse of what the affidavit specifically states, for it says that *"heretofore,* to wit, on or about the 20th day of December, A. D. 1910." And in addition, the very greatest violence must be done to the language used, because it continues in charging that appellant "did unlawfully break down, pull down and injure," etc. If it is con-

tended that the affidavit was not made and filed after the commission of the offense, it would be necessary to hold that the word "heretofore" stated in the affidavit did not mean "heretofore," but meant "hereafter." It would also be necessary to hold that the language "did unlawfully break," etc., should be held to mean "will hereafter, at some future time, break," etc. The information based on this affidavit in specific language charges that the offense was committed on or about December 20, 1910, "and *before* the filing of this information," and also specifically charges that the appellant in said State and County "did then and there unlawfully break," etc. Of course, no one would contend, notwithstanding appellant's motion so made, that the very reverse of the express language of the affidavit should be held in order to hold that the affidavit was made *before* the offense was alleged to have been committed. Presiding Judge Davidson, in the opinion herein written by him reversing and dismissing this case, holds no such absurdity and can not be construed to even intimate or suggest that such should be held. It is unnecessary to discuss this point further. Williams v. State, 17 Texas Crim. App., 521; Wilson v. State, 15 Texas Crim. App., 150.

But Presiding Judge Davidson does hold in the opinion reversing and dismissing this case that the jurat of the officer before whom the affidavit was made "does not show at what time the complaint was sworn to, whether *before or after* the filing of the information." And then holds that it was essential that it must affirmatively appear from the complaint that it was sworn to *before* the information was filed and holding that this is not shown in this case.

In my opinion, almost if not quite, an equally unreasonable construction must be given to the facts as they appear in the face of these papers, to sustain appellant's contention that the record does not show that the affidavit was sworn to *before* the complaint was filed.

Our statute, Article 268, Code Criminal Procedure, expressly defines what a complaint is: "The affidavit made before the magistrate, which charges the commission of an offense, is called a complaint." Then the next article prescribes the requisites thereof. The affidavit in this case as completely and fully complies with the requisites laid down as could possibly be done. It is signed by the complainant and it is sworn to and subscribed by him, and the jurat of the County Attorney before whom it is made as specifically and expressly so stated as it would be possible to do. The first of it is: "I, E. W. Withers, do solemnly swear that heretofore, to wit: on or about the 20th day of December, A. D. 1910, in the County of Nolan and State of Texas, W. H. Bradberry (appellant) did unlawfully break," etc. Then this affidavit is signed by Withers. Then the County Attorney before whom it was made expressly states, "Sworn to and subscribed by E. W. Withers, a credible person, before me on this the ——— day of December, 1910." So that no one could contend with any

show of reason,—but to do so it would be in the very face of the papers themselves,—that the complaining witness, Withers, did not swear to this affidavit. As the County Attorney, in his jurat, did not give the specific day of December when it was signed, the question then is, when was it signed? I have demonstrated, I think, above, that it was signed and sworn to *after* the alleged commission of the offense. That the affidavit was actually filed in this case·by the County Clerk of Nolan County can not possibly be questioned, because he says under his official signature as clerk, "filed 22 day of Dec., 1910," the requisites of an information are prescribed by Art. 478, Code Criminal Procedure. The information in this case as completely and perfectly complies with that as it is possible to do, as shown by the information above copied. Then Article 479, Code Criminal Procedure, is: "An information *shall not* be presented by the district or county attorney *until oath has been made* by some credible person, charging the defendant with an offense. *The oath shall be reduced to writing and filed with the information.* It may be sworn to before the district or county attorney, who for that purpose shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths."

The clerk of the County Court of Nolan County and the County Attorney of said county had to take and did take and make the same oath of office that each of the Judges of this court made, which is prescribed in section 1, article 16, under our Constitution, to the effect on this point that "I will faithfully and impartially discharge and perform all the duties incumbent upon me as (clerk or county attorney), according to the best of my skill and ability agreeable to the Constitution and laws of the United States and of this State." It is universally the case that every officer is presumed to do his duty in accordance with the law and the oath of office he takes and it is never presumed that he does otherwise.

So that, as I see it, in order to hold that the complaint in this case was not sworn to, before the information based thereon was made and filed, the following illegal and clearly illogical presumptions must be indulged:

First, that the county attorney violated his oath of office which required that he should not present an information until oath had been·made, charging the defendant with an offense; second, that the clerk of the court, when he placed his file mark upon said affidavit, or complaint, that he filed it on December 22, 1910, was false, because at that time such an affidavit was not in existence ,and that he falsely placed his file mark upon it as filed on that day instead of some subsejuent day when it is attempted to be presumed it was made and filed; third, that the county attorney again violated his oath and his official duty in that he filed an information without at the same time filing therewith the affidavit charging the commission of this offense.

As I see it, instead of indulging each one of these grounds against these two officers, if any presumption is to be indulged whatever, the very reverse should be indulged, for Art. 25, Code Criminal Procedure, forcibly and pertinently enacts: "The provisions of this Code shall be liberally construed, so as to attain the objects intended by the Legislature; the prevention, suppression, and punishment of crime." This article of the procedure is a part, and necessarily so, of every other article of the Procedure. So that, as I see it ,the affidavit or complaint and the file mark thereon, and the information and complaint based thereon, together with the file mark thereon, not only does not justify the legal presumptions that I think have to be indulged against the validity of them instead of in favor of them, establishes, to my mind, clearly and without doubt that this affidavit was made before the information thereon was drawn or filed and that it was filed with and as a part of the information, and was, without doubt and without question, sworn to by the complaining witness before the county attorney before he drew or filed either of them. In other words, taken as a whole, without doubt and without question, the papers in this case, together with the file marks thereon, conclusively show that this affidavit was made, signed and sworn to before the complaint was drawn or filed and that they were filed together and each constituted a necessary part of the other and that the court below unquestionably committed no error when he overruled appellant's motion to quash said complaint.

Besides this, Article 476, Code Criminal Procedure, in as plain and unequivocal language as can be used, specifically says: "An indictment (or information) shall not be held insufficient nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment (or information) which does not prejudice the substantial rights of the defendant." This was section 17 of the Act of March 26, 1881, Chapter 57, p. 60, and was enacted by the Legislature for the very purpose and object, as it states in its face, "nor shall the trial, judgment or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment (or information) which does not prejudice the substantial rights of the defendant."

This article is also a part of the Chapter of the Procedure on the subject of indictments and informations and as to them it is specifically enacted, Article 453, Code Criminal Procedure, that "the certainty required in an indictment (or information) is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense." Again, Art. 460, is: "An indictment (or information) for any offense against the penal laws of this State shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the de-

fendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.''

Again that the omission of the county attorney to put the date on which the affidavit was made before him in the blank left for that purpose is a matter of form only, there can be no question. Our statute prescribes, article 597, Code Criminal Procedure, that ''When the exception to an indictment or information is merely on account of form, the same shall be amended, if decided to be defective, and the cause proceed upon such amended indictment or information.'' I think it can not be contended with any show of reason that because the court did not quash this affidavit or complaint because of this omission to put the exact date on which it was sworn to therein, should result fatally to this conviction, because, as stated above, in article 476, which was a subsequent enactment and shows the latest intent of the Legislature after all the other provisions in said Code regulating such matters were enacted, specifically says: ''Nor shall the trial, judgment or other proceedings thereon. be affected by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant.'' To my mind the omission of the said date in the blank above noted, not only did not and could not have prejudiced the substantial rights of the defendant, but it did not prejudice even any technical right of his that could possibly affect the validity of the said judgment against him.   There can be no question but that if he was attempted to be prosecuted again for this same offense he could unquestionably plead the judgment herein as a bar to any other prosecution for said offense of which he was convicted in this instance; and that the court could enter the proper judgment in this cause and that appellant and no one else could be misled thereby, I have no shadow of doubt.   So that I believe the judgment in this case should not be reversed but that it should be affirmed and that there is no sufficient reason whatever for reversing and dismissing or even remanding this cause, but in no event should it be reversed and dismissed, but at most, if I am wrong in my contention and conclusion shown by this opinion, that it should only be reversed and remanded so that the officers below could correct the former omission of the date on which said affidavit was sworn to.

I, therefore, dissent from the opinion of Presiding Judge Davidson herein, reversing and dismissing this cause.