M. J. GREMILLION V. THE STATE.

No. 18627.  Delivered December 2, 1936.
Rehearing Denied January 27, 1937.

584

The opinion states the case.

*H. J. Bernard, B. L. Palmer,* and *King C. Haynie* (on rehearing), all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; the punishment assessed at a fine of $100.

The prosecution proceeded under Acts 1935, 44th Legislature, Second Called Session, chap. 467, art. 1, sec. 3. Said act denounces the operation of an open saloon, which is defined therein as follows:

"The term 'open saloon,' as used in this Act, means any place where any intoxicants whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold."

Omitting the formal parts, the third counts of the complaint and information read as follows:

"M. J. Gremillion did then and there operate and assist in operating an open saloon, and was then and there directly interested and indirectly interested in the operation of an open saloon, on the premises of the said M. J. Gremillion, said premises being then and there a place where intoxicants manufactured in whole and in part, by means of the process of distillation, and liquor composed and compounded in part or distilled spirits, was sold and offered for sale for beverage purposes by the drink, for human consumption on said premises."

Appellant contends that the information and complaint are fatally defective in failing to allege that appellant had done the acts denounced by the statute. In short, appellant contends that merely the conclusions of the pleader are set forth. We think it is manifest that the offense is sufficiently charged.

Appellant insists that the evidence is insufficient to sustain the averment that he operated an open saloon. It is his position

that proof of two sales of whisky is not sufficient to bring him within the purview of the statute. Appellant operated the Southern Grill in the City of Houston, where he served meals. On the 11th of January, 1936, inspectors for the Liquor Control Board went to appellant's place of business. According to the testimony it was not their purpose to make an inspection at the time; but they entered solely for the purpose of eating dinner. As they seated themselves at a table they observed a bar. Appellant was behind the bar, serving drinks. In said place of business a liquor menu was exhibited, showing that appellant was offering for sale whisky and gin by the drink. Other drinks were also shown on the menu. The inspectors ordered some whisky, whch was promptly served them in glasses by an employee of appellant. They testified that they saw the drinks procured from behind the bar. After finishing their dinner they went behind the bar and secured several bottles of whisky. Appellant stated to one of the inspectors that he had to sell whisky in order to pay expenses. We deem the evidence sufficient.

We are unable to agree with appellant's contention that the inspectors were accomplice witnesses. According to their testimony, they did not go into appellant's place of business for the purpose of buying whisky. When they entered appellant was already violating the law, in that he was operating an open saloon. The inspectors merely took steps to detect the crime. They did not originate or initiate it. We quote from Bush v. State, 151 S. W., 554, as follows:

"There is a line of cases which holds that where an officer or other parties understand or are led to believe that a violation of the law is in contemplation, and take steps to detect that crime, or get evidence by which the guilty parties may be punished, he would not be an accomplice, but in such cases he is not an original party to the bringing about the crime and is not guilty of originating or initiating it. In that character of case his connection with it is after the inception of the crime and after it has been determned upon, and he only then gets into it as a detective or for the purpose of arresting the party and bringing him to punishment."

We deem it unnecessary to determine whether the inspectors had the right to go behind the bar and seize appellant's whisky. It was undisputed that appellant sold whisky by the drink for consumption on the premises on the occasion in question. That he was advertising same for sale by the drink was evidenced by the menu card to which we have referred. The State in-

troduced in evidence, without objection, appellant's declaration to the effect that he was selling whisky on said premises in order to pay expenses. These facts were undisputed, and showed beyond question that appellant was operating an open saloon in violation of the law. Appellant received the minimum penalty. Under the circumstances, if it should be conceded that proof of the fact of finding whisky behind the bar should not have been admitted—and this is not conceded—its admission would constitute harmless error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant challenges the disposition made in our original opinion of the questions therein discussed. Our views as reflected in said opinion remain unchanged, and we see no benefit which could result from writing further upon the subject.

In said motion appellant for the first time raises the question and calls attention to the record as reflecting that the information bears a file mark of date January *13th*, 1936, whereas the complaint upon which the information was predicated shows not to have been sworn to until January 21st, 1936; the record upon its face thereby indicating that the information was filed eight days before the supporting complaint was made. Art. 415, C. C. P., provides that:

"No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense * * *."

In Bradberry v. State, 152 S. W., 169, compliance with the statute quoted is demanded. The situation unexplained would demand a reversal of the judgment. However, by affidavits of the Assistant District Attorney who had charge of the prosecution, the Judge of the County Court at Law before whom the case was tried, and the Deputy Clerk in said court, the following facts are shown, and are undisputed. On January 13, 1936, complaint and information were filed attempting to charge appellant with operating an open saloon, and file No. 42,045 given said cause; it was discovered that the complaint and information were insufficient to charge the offense. On January 21,

1936, the Assistant District Attorney prepared another complaint and information. The complaint was sworn to on said date, and the new complaint and information were on said date lodged with the clerk; by agreement of appellant himself, his attorney, and the Assistant District Attorney, the new complaint and information were given the same docket number as the other bore, to-wit: 42,045, and without objection the case was tried on February 10, 1936, on the new complaint and information which are the ones found in the transcript. The agreement mentioned was made in open court in the presence of the trial judge and the clerk of the court, whose affidavits support that of the Assistant District Attorney in the particulars mentioned. The new pleadings having been given the same docket number as the old, it may be that by inadvertence the filing date was made the same as in the old pleading; however that may be, it appears to be a fact that they were not given the clerk for filing until January 21, 1936, and after the complaint had been sworn to, hence the conflict in dates to which appellant calls attention in his motion for rehearing appears to be of no moment. From the record now before us it seems to be an effort to escape an agreement made in open court, and to take advantage of an apparent, but not real, conflict in the dates of the jurat on the complaint and the file date of the complaint and information.

The motion for rehearing is overruled.

*Overruled.*