## J. L. NOUNES V. THE STATE.

No. 18634.   Delivered December 2, 1936.
Rehearing Denied January 27, 1937.

The opinion states the case.

*William H. Scott* and *King C. Haynie* (on rehearing), both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for operating an open saloon; punishment, a fine of $500.00.

Sec. 3, Art. 1, Chap. 467, Acts Second Called Session, 44th Legislature, defines the term "open saloon" as:

"Any place where any intoxicants whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, —is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold."

The information in this case followed the statute, and charged that appellant Nounes did then and there operate and assist in operating an open saloon on the premises of the said Nounes,—same being a place where intoxicants manufactured in whole or in part by means of the process of distillation, and liquor composed and compounded in part of distilled spirits was sold and offered for sale for human consumption on said premises. We find no statement of facts in the record, nor were there any exceptions taken to the charge, nor, as far as

we can see, to any other matter or occurrence during the trial. No brief is on file for the appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing appellant for the first time raises the question and calls attention to the record as reflecting that the information bears date of January 11th, 1936, whereas the complaint upon which the information was predicated shows not to have been sworn to until January 21st, 1936.

Th apparent conflict in the dates mentioned is explained by affidavits of the Assistant District Attorney who had charge of the prosecution of the case; of the judge before whom the case was tried and the clerk of said court. The conditions presented seem in all respects to be the same as those pointed out in the opinion on rehearing in cause No. 18,627, M. G. Gremillion v. State (page 583 of this volume), with the exception that in that case the old information and complaint appear to have been filed on the 13th day of January, whereas in this case it appears the date of filing was January 11th; in fact the new complaint and information in the present case was not lodged with the clerk for filing until the 21st day of January, and not until after the complaint had been sworn to.

The motion for rehearing is overruled.

*Overruled.*