Section 3, article 1, chapter 467, Acts Second Called Session, 44th Legislature (Vernon's Ann.P.C. art. 666—3), defines the term "open saloon" as:

"Any place where any intoxicants whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold."

The information in this case followed the statute, and charged that appellant, Nounes, did then and there operate and assist in operating an open saloon on the premises of the said Nounes, same being a place where intoxicants manufactured in whole or in part by means of the process of distillation, and liquor composed and compounded in part of distilled spirits was sold and offered for sale for human consumption on said premises. We find no statement of facts in the record, nor were there any exceptions taken to the charge, nor as far as we can see, to any other matter or occurrence during the trial. No brief is on file for the appellant.

Finding no error in the record, the judgment is affirmed.

## On Motion for Rehearing.

HAWKINS, Judge.

In the motion for rehearing appellant for the first time raises the question and calls attention to the record as reflecting that the information bears date of January 11, 1936, whereas the complaint upon which the information was predicated shows not to have been sworn to until January 21, 1936.

The apparent conflict in the dates mentioned is explained by affidavits of the assistant district attorney who had charge of the prosecution of the case; of the judge before whom the case was tried and the clerk of said court. The conditions presented seem in all respects to be the same as those pointed out in the opinion on rehearing in M. G. Gremillion v. State (Tex.Cr.App.) 101 S.W.(2d) 560, with the exception that in that case the old informa-

tion and complaint appear to have been filed on the 13th day of January, whereas in this case it appears the date of filing was January 11th; in fact, the new complaint and information in the present case was not lodged with the clerk for filing until the 21st day of January, and not until after the complaint had been sworn to.

The motion for rehearing is overruled.

## NOUNES v. STATE.

### No. 18635.

Court of Criminal Appeals of Texas.

Dec. 2, 1936.

Rehearing Denied Jan. 27, 1937.

William H. Scott and King C. Haynie (on rehearing), both of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

564

LATTIMORE, Judge.

Conviction for operating an open saloon; punishment, a fine of $500.

This is a companion case to Nounes v. State, (Tex.Cr.App.) 101 S.W. (2d) 562, opinion this day handed down. The record is substantially the same. No statement of facts and no bills of exceptions appear.

For the reasons stated in the case above referred to, the judgment of the trial court is affirmed.

On Motion for Rehearing.

HAWKINS, Judge.

The motion for rehearing is predicated on an apparent filing of the information before the complaint was sworn to. The same situation with reference to such dates appears here as is shown in Gremillion v. State (Tex.Cr.App.) 101 S.W.(2d) 560, and in a companion case, Nounes v. State (Tex.Cr.App.) 101 S.W. (2d) 562.

For reasons given in the cases mentioned, the motion for rehearing is overruled.