## NEIL WILLIAM BYERS V. STATE.

No. 26,337. May 13, 1953.
Rehearing Denied June 24, 1953.

*William C. McDonald*, San Angelo, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for driving a motor vehicle upon a public street of the incorporated city of Ballinger, in Runnels County, Texas, the punishment having been assessed at a fine of $100.

The evidence of two patrolmen of the Ballinger Police Force was sufficient to show that appellant, while intoxicated, on the morning of September 7, 1952, drove an automobile on South 7th Street in Ballinger, and was pursued by the officers and arrested for the offense.

Bill of Exception No. 1 relates to the overruling of appellant's motion to quash the complaint because: (1) It fails to disclose by whom it was sworn, if it was sworn to. (2) It does not appear to have been sworn to by a credible person, and (3) It is defective in form.

The complaint appears to have been made and signed by J. L. Moreland, and sufficiently charges that on September 7, 1952, appellant committed the offense for which he was convicted.

Following the signature of the complainant Moreland appears the jurat of the county attorney as follows: "Sworn to and subscribed before me this 7th day of September A.D. 1952. /s/ Lawrence Jack Moore, County Attorney, Runnels County, Texas."

It is appellant's contention that the jurat fails to state by whom the oath was made.

We overrule this contention and hold that the jurat suffi-

ciently establishes that the person who subscribed also swore to the complaint, namely J. L. Moreland.

We also overrule the contention that the jurat is defective because it does not state that the complainant was a credible person.

Though an information is required to be founded upon the affidavit of a credible person, it is not necessary that the state's pleadings show such fact. Ashley v. State, 155 Tex. Cr. R. 534, 237 S.W. 2d 311. There is nothing in the record to suggest, and appellant does not contend, that J. L. Moreland was not a credible person.

The information was filed on the same day as the complaint and charges the same offense in the same language. However, the information does not refer to the complaint nor show on its face that a complaint had been filed. It is contended that since the file mark does not show the time or order of filing, the information should be set aside because it is not shown to have been based upon a complaint theretofore made.

Art. 415 C.C.P. provides in part that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. It also provides that the affidavit shall be filed with the information.

Appellant contends that it must affirmatively appear in the record that the complaint was made and filed before the information was filed. He agrees with our holding in Ashley v. State, 155 Tex. Cr. Rep. 534, 237 S.W. 2d 311, that it is not essential that the information refer to the complaint.

In Bradbury v. State, 68 Tex. Cr. R. 614, 152 S.W. 169, cited by appellant, the complaint did not show when it was sworn to (the jurat showing the day of the month was left blank).

Here the offense was alleged to have been committed on September 7th, the complaint was sworn to before the county attorney, and both the complaint and information were filed with the clerk, all on the same day, September 7th. There is nothing to suggest that the county attorney presented the information prior to the signing of the complaint.

No error is shown in the overruling of appellant's motion to quash the complaint and information.

This court judicially knows that Ballinger is located in Runnels County and is the county seat of that county. Proof of the incorporation of said city from the minutes of the commissioners' court of Runnels County was properly received. We overrule the contention that the state failed to show venue and failed to prove that Ballinger was incorporated as alleged in the information.

Other bills of exception have been examined and no reversible error is found.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion we differentiated the facts in the case at bar from those in Bradberry v. State, 68 Tex. Cr. Rep. 614, 152 S. W. 169, by observing that in the Bradberry case the day of the month in one of the accusatory documents had been left blank. Such a distinction does exist, but the holding in the Bradberry case was ". . . it must affirmatively appear that the complaint was sworn to before the information was filed."

We have carefully studied the opinion in the Bradberry case and have concluded that there is much of merit in the dissenting opinion therein. Surely, when each accusatory pleading bears the same date as to its execution and filing, the presumption that public officials have done their duty in accordance with the law should apply; and we should hold that such is sufficient to show that the complaint was filed with the information and had been previously sworn to as required by Article 415, C. C. P.

If the majority opinion in the Bradberry case be considered as in conflict with this holding, then the same is overruled.

Appellant again urges that venue was not proven and that an issue relating thereto was made during the course of the trial. The witness Richardson testified that he was employed as a night patrolman by the city of Ballinger; that on the night in question he observed an automobile being driven in a reckless manner as it rounded the corner from Hutchings onto 7th Street and that he gave chase. He was then asked,

"Q. Where did you finally manage to stop this car? A. On top

of the hill out here on the Paint Rock highway.

"Q. Now, you started your pursuit inside of the city limits of Ballinger, did you not? A. Yes; Henry Tarver's Cafe."

The incorporation of the "City of Ballinger in Runnels County, Texas" was shown by the records of Runnels County, Texas.

We think this is sufficient to prove venue.

Remaining convinced that we properly disposed of this cause originally, the appellant's motion for rehearing is overruled.