JOHNNY RAY CROUCH V. STATE

No. 29,695. April 2, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 7, 1958.

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Earl E. Broyles, Bob Lyle, A. D. Jim Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction for driving while intoxicated; the punishment, 3 days in jail and a fine of $150.

Appellant waived a trial by jury, announced ready for trial, and entered his plea of not guilty.

No statement of facts accompanies the record.

By formal Bill of Exception No. 1, appellant complains of the action of the trial judge in permitting the state to amend

the complaint and information after both parties had announced ready for trial.

The bill shows that when the examination of the first state's witness, Robert G. Moseley, had been concluded, appellant moved to quash the complaint and information on the ground that "the information upon which the defendant is now on trial shows to have been filed on the 3rd day of January, 1957, while the supporting affidavit or complaint upon its face reflects that it was not sworn to by the affiant until July 1st, 1957, some six months after the filing of the information." The state then requested permission to introduce evidence explaining the conflict in the dates on said instruments which was granted. To which action of the court appellant reserved his exception.

The testimony of the state as revealed by the bill shows that the state's attorney delivered in person the complaint and information to a clerk of the County Criminal Court No. 3 for filing on July 1, 1957, and that the file marks on January 3, 1957, appearing on said instruments were endorsed thereon "perhaps through an error." The court then ordered the clerk of the court to file said complaint and information as of July 1, 1957, and resumed trial of the case on the merits. Appellant reserved exception to such action of the court.

The evidence was sufficient to authorize the trial court to conclude that the complaint and information were in fact delivered to the clerk of the court for filing on July 1, and had been by mistake marked filed January 3.

The state's pleadings charging the offense were not changed or amended in any manner.

The mistake of the clerk in placing the file date of January 3 on the instruments when in fact they were delivered for filing on July 1, and his correction upon order of the court by refiling them of July 1, is not of such consequence as to show any prejudice to the rights of the appellant. Brogdon v. State, 63 Texas Cr. Rep. 475, 140 S.W. 2d 352; Gremillon v. State, 131 Texas Cr. Rep. 583, 101 S.W. 2d 560. The effect of the court's order was not to permit the state to amend the complaint and information, but to direct the clerk to correct the file date so as to show the date it was actually delivered to the clerk for filing. This was proper.

In view of the above conclusion no error is shown as urged

by the appellant in the state's failure to recall the witness, Moseley, and again deduce the same testimony given by him.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.