FRANK M. SNYDER V. STATE.

No. 30,986. October 28, 1959.
State's Motion for Rehearing Granted November 25, 1959.

*Clyde W. Vinson,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated upon a public highway, with punishment assessed at three days in jail and a fine of $50.

The complaint upon which the information in this case was presented states that the affiant has "good reason to believe and charge" that the appellant committed the offense charged.

It will be noted that nowhere therein does the affiant swear that he "does believe" that appellant committed the offense.

A complaint sworn to only on belief is bad and will not

support an information. Art. 222, Sec. 2, C.C.P.; Betels v. State, 145 Texas Cr. Rep. 368, 168 S.W. 2d 499; Ex parte Luehr, 159 Texas Cr. Rep. 566, 266 S.W. 2d 375; Branch's P.C., 2 Ed., Vol. 1, Sec. 498, p. 485.

The complaint being fatally defective, the prosecution must be dismissed.

The conviction is reversed and the prosecution ordered dismissed.

ON STATE'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

By supplemental transcript it has now been made to appear that the complaint actually filed in the case contained the missing allegations which were discussed in our original opinion.

No statement of facts accompanied the record. We shall discuss the contentions advanced in appellant's brief. He first complains that the complaint is not shown to have been filed prior to the making of the information, since they both bear the same date. In Myers v. State, 158 Texas Cr. Rep. 638, 259 S.W. 2d 193, we held that in the absence of a showing to the contrary it will be presumed, where both instruments were filed the same day, that the complaint was filed before the information. Byers is here controlling.

In the absence of a statement of facts appellant's exceptions to the court's charge cannot be considered. Conwell v. State, 258 S.W. 2d 86.

Appellant's formal bill of exception complains of certain argument concerning the state's failure to offer into evidence a certain bottle of beer. Since we have no statement of facts before us and since the bill fails to recite, we do not know that the bottle was in fact admissible or that the statement made by the prosecutor was an incorrect statement of the law. We find no error reflected by the bill.

The judgment of reversal is set aside, the State's Motion for Rehearing is granted, and the judgment is now affirmed.