**Thurman Odell TRUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36421.

Court of Criminal Appeals of Texas.

Jan. 15, 1964.

Rehearing Denied Feb. 19, 1964.

Rex Emerson, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and James C. Brough, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery by assault; the punishment, life imprisonment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character.

The indictment alleged the primary offense of robbery by assault and two prior convictions for the offenses of robbery.

In his charge the court submitted to the jury the issue of appellant's guilt of the primary offense and whether he had been previously convicted of one of the prior alleged offenses.

No statement of facts of the evidence adduced upon the trial accompanies the record.

Appellant predicates his appeal upon three claimed errors.

He first contends that the court erred in permitting the state to use the prior conviction for robbery to enhance the punishment, because it could not be determined from the allegations of the indictment whether the conviction was for a capital or an ordinary felony. The indictment, to which appellant filed no exception, after alleging the date of the primary offense charged that appellant "was then and there a person who had theretofore been convicted of two felonies less than capital * *," and then alleged the two prior convictions for robbery by date, number, style of the case, and the court in which the convictions were had. The contention is without merit.

The other two claimed errors urged by appellant pertain to the court's charge. In the absence of a statement of facts, the alleged errors in the charge cannot be considered. Snyder v. State, 168 Tex.Cr.R. 482, 329 S.W.2d 292, and Fields v. State, Tex.Cr.App., 353 S.W.2d 470.

We do observe, however, that there is no merit in appellant's contention that the court's instruction to the jury to acquit him if they did not believe him guilty of the primary offense constituted a denial of trial by jury on the issue of whether he had been previously convicted of the offenses alleged for enhancement. Under the court's instruction, a finding by the jury that appellant was not guilty of the primary offense would have eliminated from the case any issue as to whether he had been previously convicted of the felonies alleged.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.