**Alexander G. KASPAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36422.**

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

Rehearing Denied March 11, 1964.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Wright, Sam Paternostro and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the court without a jury, the appellant was convicted of driving while intoxicated and his punishment was assessed at three days in jail and a fine of $125.00.

The testimony of the state and that of the appellant shows that appellant was driving an automobile upon a public highway at the time and place alleged, and after failing to observe a stop sign, the appellant upon a signal from the officers stopped his automobile.

Two officers testified that appellant's automobile was weaving as he drove it along

the highway, and that after he stopped they observed that his face was flushed, he was weaving and unsteady on his feet, and had the odor of intoxicants on his breath, and each expressed the opinion that he was intoxicated.

Testifying in his own behalf, the appellant stated that he had four or five drinks between 10:30 p. m. and 2:30 a. m. before his arrest about 3 a. m., and that he was tired and sleepy but he denied that he was staggering or intoxicated. Two witnesses who had been with the appellant before his arrest testified that he had been drinking but was not intoxicated.

Appellant contends that the trial court erred in overruling his motion to quash the complaint and information on the ground that the complaint was not filed anterior to the filing of the information as they both bear the same filing date.

The complaint and information contained in the transcript show that they were filed on the same day, December 26, 1962. No evidence appears in the record in support of the motion to quash. In the absence of evidence to the contrary it will be presumed that the complaint was filed before the information. Byers v. State, 158 Tex.Cr.R. 638, 259 S.W.2d 193; Snyder v. State, 168 Tex.Cr.R. 482, 329 S.W.2d 292.

The overruling of appellant's motion to quash the complaint and information was not error.

It is insisted that the trial court erred in denying appellant's motion that the court make and file findings of fact and conclusions of law.

This procedure in criminal cases is not authorized by the law of this state. Therefore the denial of the motion was not error.

Appellant contends that the trial court certified error in the formal bill of exception. To support his contention he relies on the recitation in the bill "that in fact there was no credible evidence to establish the fact that the defendant was under the influence of intoxicating liquor to such an extent he lost the normal use of his mental and bodily faculties."

The qualification of the bill states: "The court does not certify that the matters complained of * * * constituted error but only that same is the contention of the defendant." No direct attack was made on the credibility of the witnesses for the state. Appellant testified that he had four or five drinks of Scotch Whiskey before his arrest while driving an automobile. The judgment states that the court heard evidence and adjudges that "while under the influence of intoxicating liquor" the appellant drove a motor vehicle upon a public road in Dallas County.

From a consideration of the record before us, it is concluded that the trial court has not certified error in the bill which is binding upon this court. Free v. State, 165 Tex.Cr.R. 374, 307 S.W.2d 808.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The appellant complains of our disposition of his bill of exception in which he contends that the trial judge certified error.

In addition to what was stated in our original opinion, we point out that the bill of exception recites "This Bill of Exception complains of the action of the trial court in overruling Defendant's Motion for Findings and Conclusions of Law." The claimed certification of error related to such complaint and the claimed harm resulting from said ruling.

Appellant's motion for rehearing is overruled.