**Emmitt WILLIAMS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36751.**

Court of Criminal Appeals of Texas.

April 15, 1964.

Rehearing Denied May 20, 1964.

———◆———

Herschel B. Cashin, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., R. J. Bernsen, Sr., Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $100.00.

No statement of facts accompanies the record and where such is the case, bills of exception to the court's charge cannot be considered. Fields v. State, Tex.Cr. App., 353 S.W.2d 470, and Snyder v. State, 168 Tex.Cr.R. 482, 329 S.W.2d 292.

Appellant's bill of exception No. 2 was refused by the court, and he prepared his own bill of exception. Appellant refused to accept the court's reason for refusing the same, but concedes that his bystanders bill of exception is not properly authenticated, and therefore cannot be considered. A review of the court's bill reflects that a question was asked a certain witness; appellant objected to such question; his objection was sustained, and the question was not answered, but thereafter, appellant, on cross examination of the witness, inquired fully about the same matter. The bill therefore fails to reflect error.

Bill of exception No. 3 complains of a question asked a witness for the State on direct examination, and the action of the court in allowing such question to be answered over the objection of the appellant. In like manner, Bill No. 4 complains of a question asked appellant on cross examination and the action of the court in directing the appellant to answer over his objection.

In Fletcher v. State, 162 Tex.Cr.R. 100, 282 S.W.2d 230, the record did not contain a statement of facts, and appellant presented formal bills of exception for review, some of which related to the admission of testimony over his objection. We there held that in the absence of a statement of facts, this Court could not pass upon the matters presented by the bills.

Finding no reversible error, the judgment of the trial court is affirmed.