Bennie Lloyd HARRELL, Jr.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00587–CR.

Court of Appeals of Texas,
San Antonio.

May 29, 1985.

William D. Engle, Jr., San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a DWI case. *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1985).

Appellant was found guilty by a jury of the offense charged in the information, i.e., unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. The court assessed his punishment at a fine of $300.00, court costs and 15 days in the Bexar County Jail. The imposition of the jail sentence was suspended, and he was placed on probation for two years and 15 days. His motion for new trial was denied by the trial court resulting in this appeal. We reverse.

Since appellant's two grounds of error complain of the admissibility of the results of the chemical breath test administered subsequent to his arrest, they will be discussed together in this opinion.

Appellant contends that the equipment used in administering the breath test could not be used for evidential purposes in that the State failed to show that the testing equipment was certified in accordance with the provisions of the Texas Breath Testing Regulations promulgated by the Texas Department of Public Safety, pursuant to TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon Supp.1985). *See* Tex.Dept. of Public Safety, 37 TEX.ADMIN.CODE §§ 19.1–19.6 (Shepard's Sept. 1, 1982) (Chemical Breath Testing). In support of his contention, appellant points out that the State proved a certification of the Intoxilyzer as to type and as to serviceability and reliability (individual certification), but that it proved certification only as to type of the reference simulator, a piece of allied equipment used in conjunction with the Intoxilyzer in administering the breath test. The appellant further contends that the State failed to lay the proper predicate for the introduction of the results of the test administered to him and that the trial court erred in admitting the result of such test into evidence over his objection. The State contends that the error complained of is not preserved for review, or, alternatively, if it is preserved for review, that the showing by it that the Intoxilyzer was certified as to type and "individually," and the further showing that the reference simulator was certified as to type is a sufficient

showing of compliance under the regulations.[1]

■ Initially, we disagree with the State on the issue of whether the error, if any, was preserved for review. In response to the appellant's objection and request for a ruling from the court on his motion to suppress all testimony concerning the Intoxilyzer, the record indicates the following comment by the court: "[W]ell, we can call it an objection or motion basically and this objection to the admissibility of all the testimony that we've had on the Intoxilyzer based that the predicate wasn't met in that it was not in compliance with the Regulations. I'm overruling that objection. If you want to say it's a motion, then I'll deny the motion...." We will now consider appellant's grounds of error.

It is undisputed that the testing method and the individual administering the test were properly certified under the regulations. It is undisputed that the reference simulator is "Allied Equipment" as defined in the regulations. It is also undisputed that the test result indicated a 0.13 blood alcohol level.

The portions of the regulations pertinent to this appeal read, inter alia, as follows:
§ 19.1 (201.10.00.001). Chemical Breath Test Instrument Certification.
(a) All breath testing instruments and allied equipment to be used for evidentiary purposes in the State of Texas must have the approval of and be certified by the Scientific Director....

\*     \*     \*     \*     \*     \*

(c) Allied equipment shall meet any criteria deemed necessary by the Scientific Director and operate properly and adequately for the function it is designed to perform.

\*     \*     \*     \*     \*     \*

(e) If it is determined by the Scientific Director or a designated representative that a specific instrument or a specific piece of allied equipment is unreliable

and unservicable, certification will be withdrawn.

\*     \*     \*     \*     \*     \*

§ 19.6 (201.10.00.006). Explanation of Terms and Actions.

\*     \*     \*     \*     \*     \*

(e) Certification.
(1) Refers to meeting and maintaining the requirements set forth in 'The Regulations.' Under the provisions of 'The Regulations,' certification is granted individually to:

\*     \*     \*     \*     \*     \*

(C) breath test instruments and allied equipment;

\*     \*     \*     \*     \*     \*

(2) All breath testing for evidential purposes must be performed under certification in order to be admissible for court purposes.

\*     \*     \*     \*     \*     \*

(h) Instruments and allied equipment: Refers to any physical equipment or supplies which are used in breath testing. Certification of Instruments and allied equipment is only in conjunction with breath testing for evidential purposes. Instruments and allied equipment include but are not limited to the device which collects the breath and measures the alcohol content of the blood or breath, the reference sample devices, expendable supplies, and facility for security and storage. Certification of equipment will be made by model or class by the Office of the Scientific Director; however, each piece of equipment must individually meet the requirements for certification stated in 'The Regulations' or designated by the Scientific Director prior to its final certification....

Tex.Dept. of Public Safety, 37 TEX.ADMIN.CODE §§ 19.1–19.6 (Shepard's Sept. 1, 1982) (Chemical Breath Testing).

---

1. 37 TEX.ADMIN.CODE § 19.6(a) (Shepard's Sept. 1, 1982). Texas Chemical Breath Testing Regulations, permits reference to the Texas Chemical Breath Testing Regulations as "The Regulations."

**696**

We hold that the regulations mandate certification as to model of breath test instruments and allied equipment and an individual certification of breath test instruments and allied equipment before they can be finally certified by the Scientific Director of the Texas Department of Public Safety for use in administering chemical breath tests for evidential purposes. Further, a failure to show a final certification of any piece of equipment, be it an instrument or allied equipment, used in breath testing for evidential purposes is a failure to show that the testing was performed under certification as contemplated by the regulations and is not admissible for court purposes in this state. *See id.* § 19.6(e).

Having failed to show individual certification of the reference simulator used in conjunction with the Intoxilyzer to administer the chemical breath test for evidential purposes to appellant, we hold that neither the test nor the results thereof were admissible in the trial of this case. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3(b) (Vernon Supp.1985). Since the trial court in its charge instructed the jury on the presumption of intoxication provided for under TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon Supp.1985), the error cannot be said to be harmless. *See Epperson v. State,* 578 S.W.2d 398, 400 (Tex.Crim. App.1979).[2]

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial consistent with this opinion.

2. The court charged the jury on the presumption in the following manner:

Our law provides that if it is shown by chemical analysis of a person's blood, urine, breath, or other bodily substance that there was at the time of the act alleged 0.10 per cent or more by weight of alcohol in the person's blood, it may be presumed that the person was under the influence of intoxicating liquor; however, such amount of alcohol in the blood of the person merely raises a legal presumption that such person was under the influence of intoxicating liquor. Such presumption is rebuttable.