GUITTARD, Chief Justice.
Appellant David Kenneth Kadlec appeals his conviction for indecency with a child on the grounds that the trial court erred in considering the presentence report without his express consent and in not making requested findings of fact and conclusions of law. We overrule all grounds of error and affirm the conviction.

Presentence Report

After appellant was found guilty in a trial before the court, his attorney requested that a presentence report be made. The court delayed punishment until the report was prepared. At the punishment hearing, appellant's attorney stated that the defense had examined the report and had no objection to its contents. The appellant was not specifically asked if he personally objected to the report’s contents. Appellant was assessed the maximum sentence.
We note that the trial court met the requirements of article 42.12, section 4 of the Code of Criminal Procedure (Vernon Supp.1986), which provides in part:
(d) Before sentencing a defendant, the court shall permit the defendant or his counsel to read the presentence report.
(e) The court shall allow the defendant or his attorney to comment on the report and, with the approval of the court, introduce testimony or other information alleging a factual inaccuracy in the report.
(Emphasis added). Appellant contends that the above statute violates his right to confrontation under the Texas Constitution and his rights to due process and confrontation under the United States Constitution because it does not guarantee him the personal right to review the presentence report and object to its contents. Appellant argues that this right, like the right to counsel and the right to jury trial, should not be subject to waiver for a defendant by his attorney. We disagree.
Appellant has cited no authority supporting this contention, and we have found none. We note that use of a presen-tence report in itself does not deny confrontation or due process rights. See Lee v. State, 505 S.W.2d 816, 818 (Tex.Crim.App.1974) (hearsay statements contained in a presentence report do not violate a defendant’s right to confrontation); Tamminen v. State, 653 S.W.2d 799, 802 (Tex.Crim.App.1983) (a trial judge does not deny due process in considering a presentence report before imposing sentence within the statutory limits, even though it is an out-of-court source).
 Appellant urges that requiring a defendant’s personal consent before considering a presentence report is a desirable practice. We conclude, however, that whether or not this practice is desirable, it is not constitutionally required. We must presume that competent counsel will consult with his client about the contents of the presentence report and will act in his client’s best interest at trial. Thus, allowing a defendant or his counsel to review and comment on the contents of a presen-tence report is adequate protection. Consequently, we hold that appellant’s counsel, by not objecting to the contents of the presentence report at trial, has waived for appellant any error contained in that report and has failed to preserve anything for review on appeal. See Esquivel v. State, 595 S.W.2d 516, 522 (Tex.Crim.App.), cert. *528 denied, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980); Jennings v. State, 647 S.W.2d 18, 21 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

Findings of Fact

Appellant contends that the trial court erred in denying his request for findings of fact and conclusions of law. Although he acknowledges the absence of any such specific requirement in the criminal statutes, he cites article 1.27 of the Texas Code of Criminal Procedure (Vernon 1977), which provides that “the rules of the common law shall be applied and govern” when the Code fails to provide a rule of procedure, and rule 296 of the Texas Rules of Civil Procedure, which requires the court to make findings and conclusions in a civil case tried without a jury. We conclude that this requirement for civil eases is not a common-law rule applicable to criminal cases. See Guadian v. State, 420 S.W.2d 949, 952 (Tex.Crim.App.1967); Raspar v. State, 376 S.W.2d 358, 359 (Tex.Crim.App.1964). Consequently, we hold that the trial court did not err in refusing to make the requested findings of fact and conclusions of law.
Affirmed.