Kenneth SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0434–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1987.

William W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Michael H. Hummell, Brazos County Asst. Co. Atty., Bryan, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated. The trial court assessed punishment at five days confinement and a $400 fine.

Appellant's first point of error contends that the trial court erred in overruling his motion to quash the information, because Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 sec. (a)(2)(B) (Vernon Supp.1987), is unconstitutionally vague. Article 6701*l*–1(a)(2)(B) provides that:

> "Intoxicated" means: having an alcohol concentration of 0.10 percent or more.

Article 6701*l*–1(a)(1) defines alcohol concentration as:

> (A) the number of grams of alcohol per 100 milliliters of blood;
>
> (b) the number of grams of alcohol per 210 liters of breath; or
>
> (c) the number of grams of alcohol per 67 milliliters of urine.

Appellant concedes that the most plausible reading of the two sections is that a person is legally intoxicated when the weight to volume ratio of alcohol to blood, breath, or urine reaches .10 percent. However, he contends that the statute is vague because this results in different weight measurements of alcohol, depending on whether blood, breath, or urine is measured; specifically, .1 gram of alcohol in blood, .21 grams of alcohol in breath, and .067 grams of alcohol in urine. Appellant then concludes that one would have to consume "more than twice as much alcohol (.21 grams) to be found intoxicated under the breath test, as under a blood test (.1 gram), and more than three times as much as under a urine test (.067 grams)." We disagree.

First, the alcohol weights are different because the volumes of the measuring substances are different. In each case, the weight of alcohol is .10 percent of the volume of the measuring substance.

Second, the level of alcohol in the measuring substance is not intended to measure alcohol consumption. Rather, it

measures the alcohol's *effect* on the suspect. *Parr v. State*, 575 S.W.2d 522, 526 (Tex.Crim.App.1978).

■ Appellant next contends that the statute is vague on its face because subsections (a)(2)(B) and (a)(1) do not make sense when read together. Appellant contends that one possible reading of the two sections is that "a person is intoxicated if he has 0.10 percent of the number of grams of alcohol per specific volume." Appellant contends that "under this standard, everyone is always drunk; even if a person had 0 grams of alcohol per 100 milliliters of blood, he would always also have 0.10 percent of that amount."

Appellant argues, and we agree, that such an interpretation is absurd. However, it is presumed that the legislature intended a just and reasonable result feasible of execution. *Id.* at 525. No reasonable person would interpret the statute in this strained way. Accordingly, persons of common intelligence need not guess at its meaning and differ as to its application. *Goocher v. State*, 633 S.W.2d 860, 863 (Tex. Crim.App.1982).

In order to sustain a facial vagueness challenge, the law must be impermissibly vague in all of its applications. *Village of Hoffman Estates v. The Flipside, Hoffman Estates Inc.*, 455 U.S. 489, 497, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362 (1982). Appellant has not demonstrated any reasonable application that is impermissibly vague.

■ Appellant next contends that the statute is vague as applied to him, because he has no "training in or familiarity with the technical terminology of alcohol testing." The statute prohibits a person from operating a motor vehicle while intoxicated, and the definitions of intoxication are not vague. Appellant's lack of expertise does not render the statute vague.

■ Appellant next contends that the State must plead which measure of intoxication was used, so that he can prepare a defense. At trial, appellant moved to quash the information because it did not allege an offense. The complaint on appeal

differs from the objection at trial, and therefore, presents nothing for review. *Schenck v. State*, 652 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). We note that this argument was rejected in *Perryman v. State*, 687 S.W.2d 371, 372 (Tex.App.—Houston [14th Dist.] 1984, pet. pending). Further, appellant was convicted on a general verdict form upon a jury charge that authorized his conviction upon proof that he was intoxicated either because he lacked the normal use of his mental and physical faculties or because he had an alcohol concentration of .10 percent or more. Therefore, we cannot conclude that the jury used any of the specific scientific measures of intoxication to convict appellant.

The first point of error is overruled.

■ Appellant's second point of error contends that the trial court erred in overruling his motion to quash the information, in violation of Tex.Code Crim.P.Ann. art. 21.22 (Vernon 1966), which provides that:

No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information.

Appellant contends that because the complaint and information were both filed at 11:07 a.m. on March 4, 1986, the record does not reflect that the complaint was filed before the information. Appellant relies exclusively on *Kaspar v. State*, 376 S.W.2d 358 (Tex.Crim.App.1964), for the proposition that the law requires the complaint to be filed before the information. In *Kasper*, the court held that:

The complaint and information contained in the transcript show that they were filed on the same day, December 26, 1962. No evidence appears in the record in support of the motion to quash. In the absence of evidence to the contrary it will be presumed that the complaint was filed before the information. *Byers v. State*, 158 Tex.Cr.R. 638, 259 S.W.2d 193 [1953]; *Snyder v. State*, 168 Tex.Cr.R. 482, 329 S.W.2d 292 [1959].

Neither *Kasper* nor article 21.22 requires that the complaint, i.e. the affidavit, be filed before the information; only that the affidavit be filed *"with"* the information. In *Talley v. State*, 399 S.W.2d 559 (Tex. Crim.App.1966), the court held that a complaint filed one minute after the information satisfied article 21.22.

The second point of error is overruled.

■ The third point of error contends that appellant was denied his right to counsel under art. I, sec. 10 of the Texas Constitution, because he was not allowed to have counsel present during the breath test. Appellant concedes that *Forte v. State*, 707 S.W.2d 89 (Tex.Crim.App.1986), and *McCambridge v. State*, 712 S.W.2d 499 (Tex.Crim.App.1986), foreclose a Sixth Amendment right to counsel; however, he contends that questioning concerning whether he would consent to a breath test is interrogation under the Texas Constitution that entitles him to consult counsel.

Such questioning is not interrogation under the Texas Constitution, and appellant was not entitled to counsel before deciding whether to consent to the breath test. *Bass v. State*, 723 S.W.2d 687 (Tex.Crim. App., 1986); *McGinty v. State*, 723 S.W.2d 719 (Tex.Crim.App., 1986); *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App., 1986).

■ Further, there is no greater right to counsel under the Texas Constitution than under the Fifth or Sixth Amendments. *Ramirez v. State*, 721 S.W.2d 490 (Tex.App.— Houston [1st Dist.] 1986, no pet.); *Floyd v. State*, 710 S.W.2d 807 (Tex.App.—Fort Worth 1986, no pet.).

The record reflects that Officer Greer allowed appellant to try to call an attorney and to call a family member, in order to retain counsel, before appellant decided to take the breath test. Greer only denied appellant permission to have counsel present during the test. There is no right under the Fifth or Sixth Amendments of the United States Constitution or under the Texas Constitution to have counsel present during the breath test.

The third point of error is overruled.

■ Appellant's fourth point of error contends that the trial court erred in admitting the results of his intoxilyzer test, because the reference simulator had not been individually certified.

After appellant and the State had filed their briefs, *Harrell v. State*, 693 S.W.2d 693 (Tex.App.—San Antonio 1985), on which appellant relies, was reversed. *Harrell v. State*, 725 S.W.2d 208 (Tex.Crim. App.1986). The court held that the Breath Alcohol Testing Regulations (the regulations), promulgated by the Texas Department of Public Safety, pursuant to Tex. Rev.Civ.Stat.Ann. Art. 6701*l*-5, (Vernon Supp.1987), *see* Tex.Dept.Public Safety, 37 Tex.Admin.Code sec. 19.01–19.6 (Shepard's 1984), did not require the reference simulator to be individually certified. *Harrell*, at 208.

We also note that the regulations have been amended to delete the language suggesting that individual certification was necessary. *Id.* at n. 2; *See* Tex.Admin. Code sec. 19.6(e) & (h).

Appellant's fourth point of error is overruled.

The judgment is affirmed.