Kenneth SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 187–87.

Court of Criminal Appeals of Texas,
En Banc.

May 10, 1989.

William W. Vance, Bryan, for appellant.

Bill Turner, Dist. Atty., Michael Hummell, Asst. Dist. Atty., Bryan, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by the jury of driving while intoxicated. Punishment was assessed by the court at five days in county jail.

On direct appeal, the First Court of Appeals in Houston affirmed appellant's conviction holding, in a published opinion, *Schultz v. State,* 725 S.W.2d 411 (Tex.App. 1987), that appellant was not entitled to an attorney under Article I, Section 10 of the Texas Constitution during the breathalyzer test. Thereafter, this Court granted appellant's petition for discretionary review in order to review the Court of Appeals decision.

Since granting this petition we have handed down *Forte v. State,* 759 S.W.2d 128 (Tex.Cr.App.1988) in which we held that a defendant has no state constitutional right to have counsel present at a chemical sobriety test, therefore reaching the same result as the Court of Appeals. Accordingly, we affirm the Court of Appeals judgment.

CLINTON and TEAGUE, JJ., dissent for the reasons stated in *Forte v. State,* 759 S.W.2d 128 (Tex.Cr.App.1988), and for the further reason that appellant was subjected to custodial interrogation after invoking his right to counsel.